IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **HENRY LEE GIVENS,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:19-CV-262-JDK-JDL |
| **JOSH TUBB,** | § § | |
| Defendant. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Henry Lee Givens, an inmate proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983.  The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.  On July 26, 2019, the Magistrate Judge issued a Report and Recommendation (Docket No. 11) recommending that Plaintiff's complaint be dismissed as frivolous and for failure to state a claim upon which relief may be granted.  *Id.* at 2–3.  Plaintiff timely filed objections on July 20, 2020.[1]  Docket No. 19.

The Court overrules Plaintiff's objections.  In his objections, Plaintiff restates the allegations from his complaint, but he does not contest the Magistrate Judge's proper conclusion that Plaintiff's allegations do not amount to a constitutional violation.  *See, e.g.*, *Turnbough v. Moxon*, 24 F.3d 240 (5th Cir. 1994) (per curiam) ("Claims such as slander, libel, and malicious prosecution are matters more properly within the realm of state tort law, seldom if ever amounting to constitutional violations."); *Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir. 1988) ("Invasion of an interest in reputation alone is insufficient to establish § 1983 liability because a

---

[1] This case was administratively closed while Plaintiff appealed the Report and Recommendation.  Docket No. 16. The Fifth Circuit dismissed Plaintiff's appeal for want of jurisdiction, and the Court reopened the case on July 8, 2020, and ordered Plaintiff to file objections within fourteen days.  Docket No. 18.

damaged reputation, apart from injury to a more tangible interest such as loss of employment, does not implicate any 'liberty' or 'property' rights sufficient to invoke due process."). Plaintiff therefore has failed to state a claim upon which relief may be granted.

This Court has conducted a careful *de novo* review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1) (the district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Having made a *de novo* review of the objections raised by Plaintiff to the Magistrate Judge's Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. The Court therefore adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (Docket No. 11) be **ADOPTED**. It is further

**ORDERED** that that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1).

So **ORDERED** and **SIGNED** this **30th** day of **July, 2020.**

                                                JEREMY D. KERNODLE
                                                UNITED STATES DISTRICT JUDGE